**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6892**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOMINICK LARENZO JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, Chief District Judge.  (6:16-cr-00761-TMC-1)

Submitted:  January 23, 2025                          Decided:  January 28, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dominick Larenzo Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominick Larenzo Johnson appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion seeking a sentence reduction under Amendment 821 to the Sentencing Guidelines.* We have reviewed the record and conclude that the district court correctly determined that Johnson was not eligible for a sentence reduction under § 3582(c)(2) because Amendment 821 did not have the effect of lowering his applicable Guidelines range. Accordingly, we affirm the district court's order. *United States v. Johnson*, No. 6:16-cr-00761-TMC-1 (D.S.C. Feb. 26, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* According to Johnson, a reduction to his sentence under Amendment 821 was warranted because the Amendment applied to him; his guilty plea to a firearm possession offense was unintelligently made and invalid following *Rehaif v. United States*, 588 U.S. 225 (2019); and the predicate convictions subjecting him to a prison sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), were invalid. The district court denied § 3582(c)(2) relief on the ground that Johnson was not eligible for a sentence reduction because application of the Amendment did not lower his applicable Guidelines range. The court also determined that, to the extent Johnson was seeking to reiterate or expand on arguments challenging his criminal judgment that were raised in a prior 28 U.S.C. § 2255 motion to vacate, it lacked jurisdiction over such arguments given Johnson's failure to obtain authorization to file a second or successive § 2255 motion. The court thus dismissed those arguments. On appeal, Johnson does not challenge the district court's § 2255 dismissal ruling.

2